**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| DENNIS GENE SHIPTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00261-JMS-WGH |
| | ) | |
| CHARLES DANIELS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reason explained in this Entry, that is the appropriate disposition of the petition for writ of habeas corpus filed by Dennis Gene Shipton.

**I.**

The petitioner, a federal inmate confined in this District, was given a period of time in which to show cause why this action can proceed under 28 U.S.C. § 2241(c)(3). This was done after the court explained the limited circumstances under which a federal conviction or sentence may be challenged under § 2241. Specifically, this may occur where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). The requirements of 28 U.S.C. § 2255(e) are that a habeas petitioner must (1)

rely on a new, retroactive case not available when he moved under 28 U.S.C. § 2255 that (2) interprets a statute in a way that (3) decriminalizes the crime of conviction. *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

## II.

Shipton pled guilty in the United States District Court for the District of North Dakota to being a member of a drug conspiracy. He alleges here that he is "actually innocent" of the statutory mandatory minimum sentence of life imprisonment required by 21 U.S.C. § 841(b)(1)(A), though he does not challenge the two prior drug offenses relied on to support that punishment.

The trial court's analysis of Shipton's § 2255 motion includes the following passage evaluating his claim of an inadequate basis for imposition of his sentence:

> The sentencing guidelines were inapplicable in this case because Shipton was facing a statutory mandatory minimum sentence of life imprisonment, a fact which he repeatedly conveyed was understood at both the change of plea hearing and at sentencing. . . .
>
> Finally, Shipton claims that Edinger's assistance was deficient because he did not object at the sentencing hearing to the quantity of methamphetamine attributable to him. Shipton contends that he can only be held accountable for the methamphetamine that was involved in the transaction on the day he was arrested. He also urges that an expert should have been called who could explain the chemistry of methamphetamine and call into question the amount of the drug involved in this offense. Shipton was charged with and convicted of *Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance*. Because Shipton was charged with being part of a conspiracy, the relevant drug quantity is not limited to that present on the day of his arrest. While the arrest report states that Shipton only had "a small amount of methamphetamine and drug paraphernalia" (Doc. #250-3, Arrest Report, p. 1), the superseding indictment lists in detail the activities of his co-defendants that involved drug quantities exceeding the 500 grams charged. These actions are imputable to Shipton as a member of the conspiracy if they were either known to Shipton or were reasonably foreseeable to him. *United States v. Rogers*, 982 F.2d 1241, 1246 (8th Cir. 1993). At the change of plea hearing, Judge Kornmann exercised great care to ensure Shipton understood that the basis of his charge stemmed from his role in the conspiracy, and not just from his individual actions on the day of his arrest. Shipton expressed to the Court that he had received copies of the indictment and superseding indictment and that he fully understood these documents. (Doc. #231, Change of Plea Transcript, pp.

5-6). Judge Kornmann then explained Count One of the superseding indictment in detail to ensure that Shipton understood the nature of the conspiracy charge:

THE COURT: Count One of the Superseding Indictment charges that from on or about January 1, 2008, and continuously until the date of the Superseding Indictment, which would be May 5, 2009, in the District of North Dakota and elsewhere you, Dennis Gene Shipton, together with Victor Rodrigez, Ramon Emilio Rascon, also known as Noodles, Dustin Eugene Cotton and David Andrew Streed did knowingly and intentionally combine, conspire, confederate, and agree with others, both known and unknown to the grand jury, to possess with intent to distribute and to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2. Do you understand what Count One charges you with having done?

THE DEFENDANT: Yes, sir.

THE COURT: Now in the overt acts it's also charged that in furtherance of this conspiracy and to effect and to effect and accomplish the objects of it, one or more of the conspirators which I just named did commit the following over acts: No. 1, it was a part of said conspiracy that the defendants and others, that would be you as well, would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere; No. 2, it was further a part of said conspiracy that you and the others would and did attempt to conceal your activities; Three, it was further a part of said conspiracy that you and the other people I named would and did use United States currency in your drug transactions; And five, during the course of said conspiracy the members of the conspiracy possessed and sold firearms to further the conspiracy; And, further, that's six, on or about March 1, 2009, Dustin Eugene Cotton distributed approximately 5.7 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota; Seven, that on or about March 2, 2009, Dustin Eugene Cotton distributed approximately 6.8 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo; This is eight, on or about March 2, 2009, Ramon Emilio Rascon, also known as Noodles, possessed with intent to distribute approximately 20.24 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota; Nine, on or about March 2, 2009, David Alan Streed possessed with intent to distribute approximately 121 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota; And 10, on or about March 2, 2009, Victor Rodrigez possessed with intent to distribute approximately 332.8 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance, in Alexandria, Minnesota, all in violation of 21, United States Code, Section 846. This is a Pinkerton case, *Pinkerton v. United States*, 328 U.S. 640. It's a 1946 United States Supreme Court decision. Now do you understand, sir, what the Superseding Indictment and the count that now remains, Count One, charges you with having done?

THE DEFENDANT: Yes, sir. (Id. at 7-10).

Having been fully advised of the nature of the conspiracy charge, Shipton pled guilty to Count One of the superseding indictment. (Id. at 19). To establish the record, the government repeated the factual nature of the conspiracy and indicated that Shipton himself had admitted that he sold methamphetamine that he had received in furtherance of the conspiracy. (Id. at 22). In the face of Shipton's admissions to his understanding of the charge against him, Edinger was essentially powerless to contest the drug quantity at sentencing. Judge Kornmann took great care to ensure Shipton understood that he was being charged with a conspiracy and that his actions were evaluated as a component of the greater enterprise which involved all of the defendants. Shipton plainly stated that he understood the nature of the conspiracy charge and proceeded to admit his guilt in open court. At this point, there was nothing for Edinger to contest at sentencing. Any motion to contest the drug quantity, or to call an expert witness for the ambiguous reasons proffered by Shipton, would not have afforded any relief, and did not constitute deficient performance or prejudice Shipton's defense. Accordingly, the ineffective assistance of counsel claim must fail on this issue as well.

Judge Kornmann then went on to discuss the mandatory life sentence with Shipton directly:

THE COURT: Now do you understand, sir, what the Superseding Indictment and the count that now remains, Count One, charges you with having done?

THE DEFENDANT: Yes, sir.

THE COURT: I'm going to tell you now about the penalties for that offense. They are a mandatory life sentence and a fine of up to $8 million. You probably can't pay that today.

THE DEFENDANT: No, sir.

THE COURT: You having had two or more prior convictions for a felony drug offense which convictions have become final. And, as I say, if you plead guilty to this you are agreeing to a mandatory sentence of life without release. Of course, there's no parole in this federal system in any event as you know. And so those are the penalties . . . Do you understand, sir, what the maximum penalties are?

THE DEFENDANT: Yes, sir.

THE COURT: As well as in fact the minimum penalties unless the government makes a motion which would allow me to reduce your sentence below the mandatory minimum. Do you understand that?

THE DEFENDANT: Yes. . . .

THE COURT: Do you understand that any estimate of the advisory guideline range made by Mr. Edinger or for that matter by anybody else at this stage is only an estimate? And the final advisory guideline range, assuming that you don't get the life sentence or that you are excused, if you will, from the life sentence may be different, may call for a longer sentence than what you talked about with your lawyer. And if that happens you would not be able to withdraw any plea of guilty entered in connection with your plea here today. Do you understand that?

THE DEFENDANT: Yes, sir. . . .

THE COURT: I will decide what your advisory guideline range is and I will then sentence you within the guideline range, below the guideline range or above the guideline range, not to exceed of course the statutory maximum. Now again that's only on condition that the government has filed a motion to reduce your sentence. Otherwise, we're simply looking at a life sentence here without any chance of being released. Do you understand all that?

THE DEFENDANT: Yes, sir. . . .

THE COURT: So it's your hope that by cooperating with them they will make that motion to reduce your sentence so you cannot be facing a life sentence.

THE DEFENDANT: Yes, sir.

THE COURT: So you're going to roll the dice on that.

THE DEFENDANT: Yes, sir.

### III.

The § 2255 action Shipton filed in the trial court provided him with all the opportunity the law contemplates. His motion was denied. That decision was summarily affirmed by the Eighth Circuit Court of Appeals on October 20, 2014 in No. 14-2648. Shipton's quest at present is to have

5

this court exercise its habeas corpus jurisdiction to overturn the trial court's ruling on his § 2255 motion. He states that his habeas claim was not evaluated by the trial court, but that court's Order of July 10, 2012 shows otherwise. Apart from this affirmative showing, Shipton's claim is based on arguments entirely available to him in the § 2255 proceeding.

Despite his dissatisfaction with the outcome of the § 2255 proceeding in the trial court, Shipton is not entitled to use § 2241 for another bite at the post-conviction apple. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."). As one district judge has explained:

> The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.

*Irwin v. Fisher*, 2009 WL 1954451, *3 (D.Minn. July 6, 2009); *see also Buford v. Superintendent,* 2008 WL 2783257, *4 (S.D.Ind. July 16, 2008)("The above circumstances show that Buford's § 2241 habeas claim *was* presented and rejected in an action pursuant to 28 U.S.C. § 2255 . . . that Buford has not advanced a legal theory which establishes his actual innocence. . . . [and] that Buford has not carried his burden of showing that his § 2241 habeas claim can be considered here because § 2255 is inadequate or ineffective to test the legality of his detention."). These are not new insights. "Something more than mere disagreement [with the previous habeas court] must be shown to justify a successive habeas petition." *Williams v. Lockhart,* 862 F.2d 155, 158 (8th Cir. 1988)(quoting *Walker v. Lockhart,* 726 F.2d 1238, 1250 (8th Cir.)(en banc)(Arnold, J.,

concurring), *cert. dismissed,* 468 U.S. 1222 (1984)); *see also Farrugia v. Warden, USP-Terre Haute*, No. 2:13-CV-104-WTL-MJD, 2015 WL 1565008, at *5 (S.D.Ind. Apr. 7, 2015).

## IV.

"The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Shipton had that opportunity and used it. He is not entitled to more.

Based on the foregoing, Shipton has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his petition, together with the history of the sentence he now challenges. His petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: ___November 4, 2015___

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DENNIS G. SHIPTON
06354-059
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808